# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# JASPER DIVISION

| | |
|---|---|
| PAUL RUDY GUERRERO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case no: 6:12-CV-1072-CLS-SGC |
| | ) |
| SHERIFF MIKE BLAKELY, | ) |
| MIKE GUNTER, | ) |
| and GARY LOVELL, | ) |
| | ) |
| Defendants. | ) |

## ORDER

The magistrate judge filed a report and recommendation on July 11, 2014, recommending that plaintiff's motion to amend his request for injunctive relief[1] be DENIED. The magistrate judge further recommended that all claims against all defendants in this action be DISMISSED pursuant to 28 U.S.C. § 1915A(b), with the exception of plaintiff's claim that defendant Gunter deprived him of due process of law when he refused to allow plaintiff to make a post-arrest telephone call for 13 days. On August 7, 2014, plaintiff filed objections to the report and recommendation.[2]

In his objections, plaintiff argues that the magistrate judge addressed his claim of unlawful arrest only as a "Fourth Amendment" claim "against unreasonable searches and seizures," and alleges that "[t]he arrest . . . did violate due process . . . as

---

[1] Doc. no. 25.

[2] Doc. no. 32.

established by the Fourteenth Amendment."[3] (citing *Lambert v. California*, 355 U.S. 225, 227-228 (1957) (reversing conviction for violation of California felony registration law, finding that the law violated the notice requirements of the Fourteenth Amendment when "applied to a person who has no actual knowledge of his duty to register, and where no showing is made of the probability of such knowledge[.]")).

Plaintiff alleged in his complaint that defendant Gunter's *method* of arresting him was unlawful because Gunter chose to obtain an arrest warrant instead of affording him an opportunity to register under the Alabama Sex Offender Community Notification and Registration Act ("ASORCNA" or "the Act").[4] Plaintiff also alleged that he did not know he was obligated to register under the ASORCNA, and that due process requires fair notice.[5] The magistrate judge construed plaintiff's claim as one asserting unlawful arrest and malicious prosecution, actions which are analyzed under the Fourth Amendment.

Even if these allegations are considered in the context of due process, plaintiff has failed to state a claim upon which relief may be granted. Plaintiff does not point to, nor does this court independently find, a provision of ASORCNA that requires a sex offender to be given specific notice of his obligations to comply with the Act.

---

[3] *Id.* at 1.
[4] Doc. no. 16 at 4.
[5] *Id.*

Moreover, notice of the Act is not an element of the criminal offense with which plaintiff was charged and to which he pled guilty.  *See* Ala. Code (1975), § 13A-11-200.

Although plaintiff suggests that Gunter used "an unreasonable arrest method . . . upon receiving uncertified information" about two sex convictions to get an arrest warrant, plaintiff does not explain what he means by that statement, and has never denied that he was convicted of the two sex offenses.[6]  Plaintiff does not allege that Gunter made false statements to achieve the arrest warrant, nor does he contend that the "warrant w[as] facially [in]valid." *Fullman v. Graddick*, 739 F.2d 553, 561 (11th Cir. 1984).  Therefore, plaintiff's allegations fail to "show that the arrest warrant was executed in [the absence of] good faith and with[out] probable cause." *Id.* (citing *United States v. Leon,* 468 U.S. 897 (1984)).  Finally, the Fourteenth Amendment does not require an official "executing an arrest warrant . . . to investigate independently every claim of innocence . . . based on . . . [for example,] a defense such as lack of requisite intent."  *Baker v. McCollan*, 443 U.S. 137, 145–46 (1979) (alteration supplied).

For the foregoing reasons, plaintiff's allegations do not implicate any wrongdoing under the Due Process Clause on the part of defendant Gunter for obtaining and executing an arrest warrant against plaintiff in connection with his

---

[6] Doc. no. 16 at 3.

failure to register under the Act. Instead, plaintiff's fair notice due process claim, at best, raises only the questions of whether the Act itself is unconstitutional *per se* or as applied to him. Unlike the defendant in *Lambert v. California*, who unsuccessfully objected to the California statute's lack of fair notice during a jury trial, and whose unrefuted proof in support thereof was refused, 355 U.S. at 227, plaintiff in this case pled guilty to the ASORCNA violation against him and presented no defense. Regardless, because plaintiff's conviction for failure to register has not been overturned or expunged by any court, and a ruling in his favor would necessarily imply the invalidity of his conviction, he "'may not bring a claim for damages under 42 U.S.C. § 1983[.]'" *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (quoting *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)) (alteration supplied).

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, plaintiff's objections are OVERRULED for the reasons stated herein, the magistrate judge's report is due to be and is hereby ADOPTED, and the recommendation is ACCEPTED.

It is therefore ORDERED, ADJUDGED, and DECREED that plaintiff's motion to amend his request for injunctive relief[7] is DENIED, and all claims against all defendants are DISMISSED pursuant to 28 U.S.C. § 1915A(b), except plaintiff's claim that defendant Gunter deprived him of due process of law when he refused to

---

[7] Doc. no. 25.

allow plaintiff to make a post-arrest telephone call for 13 days.  It is further ORDERED that plaintiff's claim that defendant Gunter deprived him of due process of law when he refused to allow plaintiff to make a post-arrest telephone call for 13 days is REFERRED to the magistrate judge for further proceedings.

    DONE this 12th day of September, 2014.

                                             /s/ Lynwood Smith
                                         United States District Judge